UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS M. MARTIN,<br><br>    Petitioner,<br><br>    v.<br><br>CHRISTIAN PFEIFFER,<br><br>    Respondent. | No.  2:21-cv-0587 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner, proceeds pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent filed a motion to dismiss this action alleging the petition was filed beyond the one-year statute of limitations (28 U.S.C. § 2244(d)), and contained two unexhausted claims.  As set forth below, the undersigned recommends that the motion be granted.

I.  Petitioner's Opposition to the Motion to Dismiss

Initially, the undersigned addresses petitioner's opposition to the motion.

Background

Respondent filed the motion to dismiss on June 7, 2021.  Petitioner did not timely oppose the motion.  On July 14, 2021, petitioner was ordered to show cause why his failure to oppose the motion should not be deemed a waiver of any opposition to granting the motion, and ordered to

////

1

file an opposition. Petitioner filed a response, and on August 6, 2021, was granted an additional thirty days in which to file his opposition.

On August 9, 2021, petitioner filed a letter signed August 4, 2021, stating he was attempting to comply but was unable to obtain law library access to obtain photocopies, but also needed access to conduct research. On August 16, 2021, petitioner filed a response to the order to show cause. Petitioner complained that he has been unable to present his evidence in support of his claims and argued that his claims should at least be investigated before judgment is passed. On August 20, 2021, petitioner wrote another letter to the clerk stating he was at a loss as to what to do, and again expressed his dismay that he is unable to present his evidence supporting his claims before the court passes judgment. Petitioner stated he filed first in the sentencing court, then the Third District Court of Appeals, and then the California Supreme Court, and does not understand how following such procedure failed to exhaust his state court remedies. Petitioner added that if there was a problem with timeliness, "there was good cause for delay." (ECF No. 20 at 2.) Petitioner claimed he added the ineffective assistance of counsel claims after talking with the law library clerk.

On August 27, 2021, petitioner's letter was construed as a request for extension of time to oppose the motion to dismiss rather than his opposition to the pending motion. Petitioner was provided the standards governing exhaustion of state court remedies, the applicable statute of limitations, and equitable tolling, and what was required to seek a stay to return to state court and exhaust any unexhausted claim. (ECF No. 21.) He was ordered to file, within thirty days, "an opposition which is clearly labeled "Opposition to Motion to Dismiss." (ECF No. 21 at 4.)

On September 3, 2021, respondent filed a reply to petitioner's August 16, 2021 filing (ECF No. 20). Respondent pointed out that petitioner cited only state law and failed to argue anything undermining respondent's motion. (ECF No. 22.)

On September 24, 2021, petitioner filed another letter addressed "To Whom It May Concern," dated September 19, 2021, in which he states he did not receive the court's August 27, 2021 "letter" until September 17, 2021. (ECF No. 23 at 2.) Petitioner reiterated that he does not know what he is doing, and asked whether he could just drop unexhausted claims 3 and 4. As for

his delayed filing, petitioner believed he had "just cause for the delay, according to § 42.43.7 timeliness/In re Douglas (2011) 200 Cal. 4th 236, 242," and other state court cases.  (ECF No. 23 at 2.)  He again argued the merits of his claims, and stated he could prove that the indictment was perjured, and that he was denied the ability to use any impeachment evidence.  (ECF No. 23 at 2.)

How Petitioner's September 24, 2021 Filing Should Be Construed

Because petitioner's receipt of the court's August 27, 2021 order was delayed, the undersigned considered whether to construe petitioner's September 24, 2021 filing as a request for another extension of time.  But petitioner did not seek additional time to oppose the motion.  Rather, he continued to claim he is not a lawyer, does not know what he's doing, and then reiterated the same arguments concerning the motion as he did in his response to the order to show cause, again returning to his arguments about the merits of his claims.  Therefore, the undersigned construes petitioner's September 24, 2021 filing as his opposition to the motion rather than a request for extension of time.

II.  Motion to Dismiss

  A.  Standards Governing Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."  Id.  The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

  B.  Statute of Limitations

    1.  Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  This statute of limitations provides that:

////

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody, pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244 (d)(1).[1]

        2. Chronology[2]

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

    1. Petitioner was convicted in the El Dorado County Superior Court of attempted murder and possession of a firearm, and a number of sentencing enhancements were found true. On September 28, 2015, petitioner was sentenced to an indeterminate state prison term of 89 years to life. (ECF No. 13-1.)

    2. Petitioner filed an appeal. On January 3, 2017, the California Court of Appeal for the Third Appellate District affirmed the judgment. (ECF No. 13-2.)

    3. Petitioner did not file a petition for review in the California Supreme Court.

---

[1] As set forth above and noted by respondent, the limitations period may begin running later under certain specified circumstances, 28 U.S.C. § 2244(d)(1)(B), (C), & (D), but none of these circumstances apply here.

[2] Under the mailbox rule, a pro se prisoner's habeas petition or other pleading is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). Petitioner is afforded the benefit of the mailbox rule for each petition identified herein.

4. On September 27, 2017, petitioner filed his first petition for writ of habeas corpus in the El Dorado County Superior Court. (ECF No. 13-3.) The first petition was denied on November 29, 2017. (ECF No. 13-4.)

5. On June 14, 2018, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (ECF No. 13-5.) The state appellate court denied the petition on June 28, 2018. (ECF No. 13-6.)

6. On August 12, 2019, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (ECF No. 13-7.) The California Supreme Court denied the petition on October 30, 2019. (ECF No. 13-8.)

7. On March 25, 2021, petitioner constructively filed the instant federal petition. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

### 3. Calculation of Limitations Period

For purposes of calculating the limitations period in this case, § 2244(d)(1)(A) applies. Petitioner appealed his conviction. (ECF No. 13-2 at 5.) The state appellate court affirmed the judgment on January 3, 2017. (ECF No. 13-2.) Petitioner did not file a petition for review in the California Supreme Court. Therefore, the judgment became final on February 13, 2017, when the forty-day deadline to file a petition for review expired.[3] See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The limitations period begins the next day. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (the AEDPA limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)). Thus, the one-year limitation period commenced on February 14, 2017, and, absent tolling, expired on February 14, 2018.

////

---

[3] Forty days after the filing of the California Court of Appeal's decision was February 12, 2017, which fell on a Sunday. Accordingly, the time for seeking review was extended to the next business day. See Cal. R. Ct. 1.10(a) ("The time in which any act provided by these rules is to be performed is computed by excluding the first day and including the last, unless the last day is a Saturday, Sunday, or other legal holiday, and then it is also excluded.").

4. Statutory Tolling

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. Artuz v. Bennett, 531 U.S. 4, 8 (2000).

An application is "pending" until it has achieved final resolution through the state's postconviction procedures. Carey v. Saffold, 536 U.S. 214, 220 (2002). In California, a state habeas petition remains pending between a lower court's denial of it and the filing of a habeas petition in a higher state court as long as that period is "reasonable" under state law. Evans v. Chavis, 546 U.S. 189, 191-92, 198 (2006); see Carey, 536 U.S. at 222 (unlike most states, which "specify precise time limits, such as 30 or 45 days, within which an appeal must be taken," California "applies a general 'reasonableness' standard" when determining timeliness); Robinson v. Lewis, 9 Cal. 5th 883, 897 (Cal. 2020) ("California courts employ a reasonableness standard.").

Specifically, in determining reasonableness, California courts consider three factors. Robinson, 9 Cal. 5th at 897. First, "a claim must be presented without *substantial delay*," 'measured from the time the petitioner . . . knew, or reasonably should have known, of the information offered in support of the claim and the legal basis for the claim." Id. at 898 (internal quotations and citation omitted). Second, if the petition was filed with substantial delay, a petition may still be considered on the merits if the "petitioner can demonstrate *good cause* for the delay." Id. Third, even if the petitioner cannot demonstrate good cause for such substantial delay, the petition may be considered on the merits if it falls within four narrow exceptions, only three of which apply to noncapital cases: "(1) "that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (2) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; and (3) that the petitioner was convicted or sentenced under an invalid statute." Id. (internal quotations and citation omitted). The California Supreme Court found that a safe harbor period of six months was unduly generous, and "might endanger gap

6

tolling in federal court," instead adopting a safe harbor period of 120 days as reasonable. Id. at 901. "The petitioner bears the burden to plead and then prove all of the relevant allegations." Id.

State habeas petitions filed after the one-year statute of limitations expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

*First Interval*

From February 13, 2017, until September 27, 2017, the date petitioner filed his first state habeas petition, no petition was pending. Thus, petitioner is not entitled to tolling for the initial 226 days that elapsed before he filed his first state court petition. At that point, 139 days of the one year limitations period remained.

*Tolling for First State Court Petition*

As argued by respondent, petitioner is entitled to tolling for the pendency of his first petition. Thus, the limitations period was tolled from September 27, 2017, until November 29, 2017, the date the petition was denied. The limitations period began to run again the next day, November 30, 2017. Absent tolling, the federal statute of limitations period would expire on April 18, 2018.

*Tolling for Second State Court Petition*

Petitioner did not file his second state court petition until June 14, 2018, 196 days later. Because the limitations period expired on April 18, 2018, prior to the filing of petitioner's second state habeas petition, and no state court petition was pending at that time, the petition is time-barred. Ferguson, 321 F.3d at 823. Unless petitioner is entitled to interval tolling for the 196-day delay in bringing his second state habeas petition, petitioner is not entitled to tolling for the pendency of either his second or third state habeas petitions.

Petitioner's 196-day delay in bringing his second habeas petition in state court was unreasonable under California state law and therefore cannot offer any interval tolling. Indeed, in Robinson, the California Supreme Court rejected the petitioner's argument that a safe-harbor period should be six months because, *inter alia*, "the United States Supreme Court observed that

7

it did not 'see how an unexplained delay of . . . [six months] could fall within the scope of the federal statutory word "pending"'" Robinson, 9 Cal. 5th at 901 (quoting Evans v. Chavis, 546 U.S. at 201.). Such 196-day delay is substantial because it exceeded six and a half months. Petitioner states that he thought he had "just cause" for the delay, but cites various California cases without explaining how such cases demonstrate such "just cause." (ECF No. 23 at 2). Petitioner provided no explanation for the 196-day delay between the first two state habeas petitions, and therefore fails to show good cause for the substantial delay. Petitioner claimed he was using that time to try to "put together a better case." (ECF No. 23 at 2). But to the extent such argument applies to the 196-day interval period, both petitions filed in the superior court and in the California Court of Appeal are virtually identical. (Compare ECF No. 13-3 to ECF No. 13-5.) Finally, petitioner does not argue, and his petition does not allege, claims falling within the three narrow exceptions provided in Robinson. Id. at 898. Because petitioner's 196-day delay was not reasonable under California law, he is not entitled to interval tolling for the 196-day period.

*Tolling for Third State Court Petition*

Because petitioner filed his third habeas petition in state court after the federal statute of limitations period had run, he is not entitled to tolling for such petition. Ferguson, 321 F.3d at 823.

*Conclusion*

Petitioner did not file his federal petition until March 25, 2021, over two years and 11 months (over 35 months) after the limitations period expired. Thus, absent equitable tolling, this action is time-barred.

### 5. Equitable Tolling

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. Holland v. Florida, 560 U.S. 631, 645 (2010). A habeas petitioner is only entitled to equitable tolling of the one-year statute of limitations if he shows: "'(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way' and prevented timely

filing." Holland, 560 U.S. at 649 (quoting Pace, 544 U.S. at 418). An "extraordinary circumstance" has been defined as an external force that is beyond the prisoner's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted). In addition, petitioner must demonstrate that the "'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003), quoting Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir. 2003) ("petitioner entitled to equitable tolling 'since prison officials' misconduct proximately caused the late filing.'"); Grant v. Swarthout, 862 F.3d 914, 924 (9th Cir. 2017).

"The threshold necessary to trigger equitable tolling . . . is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal citations and quotations omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight", miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009). Equitable tolling is "a very high bar, and is reserved for rare cases." Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, petitioner did not argue that he is entitled to equitable tolling, but claimed that he is not a lawyer and does not know what he is doing. (ECF No. 23 at 2.) It is well established that a prisoner's educational deficiencies, ignorance of the law, or lack of legal expertise is not an extraordinary circumstance and does not equitably toll the limitations period. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013, n.4 (9th Cir. 2009) ("While [petitioner's] pro se status is relevant,

9

we have held that a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Thus, petitioner is not entitled to equitable tolling because of his alleged ignorance of the law.

### C. Exhaustion of State Court Remedies

#### 1. Exhaustion Standards

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[4] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). In other words, in order to fully exhaust his state court remedies, petitioner must have presented each and every claim set forth in his federal petition in a petition filed in the California Supreme Court.

#### 2. Unexhausted Claims

Claims three and four were not presented to the California Supreme Court. Because the petition contains two unexhausted claims, this court is ordinarily required to give petitioner the choice of exhausting the unexhausted claims by returning to state court or abandoning the unexhausted grounds and pursuing the exhausted grounds in federal court. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005); see also Butler v. Long, 752 F.3d 1177, 1181 (9th Cir. 2014), as amended on denial of reh'g and reh'g en banc, (June 24, 2014) (per curiam) (district court erred in dismissing the mixed habeas petition without first giving petitioner the opportunity to amend his petition to include only exhausted claims).[5]

---

[4] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[5] Federal law recognizes two different procedures that a prisoner may use to stay a federal habeas action. See Rhines v. Weber, 544 U.S. 269 (2005) (staying timely mixed petition); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) (allowing prisoner to dismiss unexhausted claims and stay action as to exhausted claims subject to potential later amendment of petition), overruled on other

Here, petitioner is not entitled to a stay because his unexhausted claims are not timely. See Johnson v. Federal Court Judges, 2020 WL 2114931, at *6 (C.D. Cal. March 20, 2020) (petitioner not entitled to stay under either Rhines or Kelly if claims are time-barred); King v. Frauenheim, 2016 WL 687867, at *6 (N.D. Cal. Feb. 19, 2016) (neither a Rhines nor Kelly was appropriate because staying the proceedings would not eliminate the untimeliness problem).

Moreover, because all of petitioner's claims are untimely, he cannot delete his unexhausted claims and proceed solely as to the exhausted claims.

Therefore, this action should be dismissed as barred by the statute of limitations, with prejudice.

III.  Order and Recommendations

Accordingly, IT IS HEREBY ORDERED that petitioner's September 24, 2021 filing (ECF No. 23) is construed as his opposition to the motion to dismiss; and

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 11) be granted; and

2. This action (ECF No. 1) be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim for the denial of a constitutional right, and [2] that jurists

---

grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  Petitioner was advised of such stays in the court's August 27, 2021 order.  (ECF No. 21 at 3-4.)

of reason would find it debatable whether the district court was correct in its procedural ruling." Petrocelli v. Angelone, 248 F.3d 877, 883-84 (9th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 478 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 13, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mart0587.mtd.hc.sol